FERGUSON, Judge.
Fotokina is an importer/exporter; Gold Coast is a common carrier trucking company. Fotokina sold merchandise to Concorde International and contracted with Gold Coast to ship the merchandise, C.O.D., to Concorde at its place of business in New York.
On arrival in New York, Gold Coast’s driver called Concorde, at a telephone number given by Fotokina’s agent, for delivery instructions. The driver was directed to make the delivery to Concorde’s warehouse address which was different from the address shown on the bill of lading. It is undisputed that the delivery was made to Concorde as the named consignee.
It was later discovered that Concorde had concocted an elaborate scheme to defraud Fotokina. Concorde was not a real entity; its letterhead address was that of an answering service; the check given to Gold Coast’s driver as the C.O.D. payment was counterfeit; the whereabouts of electronic merchandise delivered to Concorde were unknown.
Fotokina sued Gold Coast alleging, in three separate theories, breach of contract, negligence, and strict liability. Specifically, Fotokina contended that Gold Coast’s delivery of the merchandise to a place other than that specified in the bill of lading was the cause of the loss. After a non-jury trial, judgment was entered for Gold Coast.
We agree with the trial court that this case is controlled by the Federal Bill of Lading Act, 49 U.S.C. § 89, which provides:
(a) A carrier is justified, subject to the provisions of sections 90-92 of this title, in delivering goods to one who is—
[[Image here]]
(b) The consignee named in a straight bill for the goods ...
Section 90 of the Act makes the carrier liable for loss where the delivery is to one who is not lawfully entitled to possession of the goods. In this case, Concorde, as the party named in the bill, was the party to whom Gold Coast was contractually obligated to make the delivery.[1] Under the Act, no liability attaches where the carrier, acting reasonably, makes the delivery to the consignee at an address other than that given in the bill. In this case, the cause of the loss was the criminal conduct of the consignee, not the carrier’s delivery to an address other than the one specified in the bill of lading.
Affirmed.

. Refrigerated Transport Co. v. Hernando Packing Co., 544 S.W.2d 613 (Tenn.1976), the case principally relied upon by Fotokina, is distinguishable. In that case, delivery was made to an incorrect consignee, a "stranger not named in the bill,” at an address other than that stated in the bill of lading. Id. at 615.